

**SIGNED this 30th day of May, 2013.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | No. 12-12721-TMD |
| | § | |
| MELODY ANN BALL, | § | |
| | § | Chapter 13 |
| Debtor. | § | |

### MEMORANDUM OPINION

Before the Court are two motions filed by the Debtor, Melody Ann Ball, in the above-captioned case: an Amended Motion for Leave to Allow Late-Filed Pay Advices and Tax Return (the "Motion to Allow Late Filings") [Dkt. No. 14], filed on February 9, 2013, and a Motion to Reconsider and Vacate the Order for Summary Dismissal of Case (the "Motion to Reconsider Dismissal," and together with the Motion to Allow Late Filings, the "Motions") [Dkt. No. 18], filed on February 19, 2013.[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] By order of March 21, 2013 [Dkt. No. 29], Judge Gargotta denied a third motion [Dkt. No. 25], which sought expedited consideration of the relief requested in the Motions.

1

The Chapter 13 Trustee (the "Trustee") has filed responses in opposition to both Motions [Dkt. Nos. 19 and 21] and has filed an additional brief [Dkt. No. 31] discussing the legal authorities raised by Ball. The Court held a hearing on the Motions on April 9, 2013, and took the matter under advisement.

For the reasons stated in this Memorandum Opinion, the Court will DENY the Motions. In addition, the Court will ORDER counsel for Ball to show cause why the Court should not order the attorneys' fees paid to her by Ball to be returned.

I.  FACTUAL BACKGROUND

The relevant facts are not at issue. Melody Ann Ball filed a petition for relief (the "Petition") [Dkt. No. 1], under chapter 13 of title 11 of the United States Code (the "Code"), on December 5, 2012.[2] Lynn Saarinen, an attorney at the law firm Barron & Newburger, undertook Ball's legal representation in this case. Ball's attorney had accepted $3,500 in fees as of the time the Petition was filed. *See* Disclosure of Compensation of Attorney for Debtor (attached to Petition). Ball's attorney has represented that Ball timely sent certain required documentation to her, but she admits that this documentation was not forwarded to the Trustee until February 6, 2013, some 63 days after the Petition was filed, and some 18 days later than required by law. Upon certification from the Trustee concerning Ball's failure to submit the documentation timely, Judge Gargotta dismissed the case on February 11, 2013 [Dkt. No. 15].

Ball submitted the Motions in an effort to have her case reinstated and obtain leave (after the fact) for the untimely filed documents. Ball's legal arguments are discussed below, but Ball points to additional facts that she portrays as relevant to the Court's decision on the Motions. In specific, Ball notes that under Rule 2002(a)(1) of the Federal Rules of Bankruptcy Procedure

---

[2] In a prior case, Ball received a discharge under chapter 7 of the Code. *See* No. 11-10950-CAG, Dkt. No. 14 (Bankr. W.D. Tex. Oct. 11, 2011).

(the "Bankruptcy Rules"), the debtor and creditors must be given 21 days' notice of the meeting of creditors held under § 341 of the Code (the "Section 341 Meeting"). Ball asserts, and the Trustee concedes, that sufficient notice was not given for the Section 341 Meeting originally scheduled for January 23, 2013 [Dkt. No. 7]. In light of this, the Trustee rescheduled the Section 341 Meeting for February 6, 2012, provided lawful notice [Dkt. No. 8], and conducted the meeting, which Ball did not attend.[3] Bankruptcy Rule 2003(a) requires that an initial Section 341 Meeting be held "no more than 50 days" after the Petition date. Thus, as Ball states and the Trustee concedes, the Section 341 Meeting, as rescheduled, was convened later than the Bankruptcy Rules require.

## II. LEGAL ANALYSIS

### A. Dismissal under § 521(i) for Untimely Submission of Payment Advices

Section 521 of the Code requires that, "unless the court orders otherwise," a debtor such as Ball must file, among other things, "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." 11 U.S.C. § 521(a)(1)(B)(iv).[4] The timeline for the filings is strict: "[I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the

---

[3] To be precise, the Section 341 Meeting was called on January 23 and then reset for February 6. *See* Proceeding Memo of Section 341 Meeting of Creditors [Dkt. No. 12]. Ball concedes she was not present on either date. It is not clear whether, in the certification pursuant to which summary dismissal was granted [Dkt. No. 15], the Trustee intended to refer to the January 23 or the February 6 meeting as the "First Meeting of Creditors" which Ball failed to attend. But this is of no moment. As noted below, the Court's ruling rests on the untimely submission of payment advices, and neither Ball's failure to attend the Section 341 Meetings, Ball's failure to file tax returns, nor any other alleged defects in her filings need be analyzed.

[4] The bankruptcy local rules in this district provide that debtors should not file payment advices with the Court but should submit them directly to the Trustee. The advices are to be provided "within fourteen (14) days" after the date a petition is filed, that is, 31 days sooner than required under § 521(i). *See* Bankruptcy Local Rule 1007(b) (as amended by Order Adopting Changes to Local Rules, Ex. A). Thus, Ball's filing was even more tardy under the local rules than under § 521, although the consequences of this added failure are not here at issue.

3

information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521(i)(1). The next subsection provides that "any party in interest may request the court to enter an order dismissing the case," and instructs that the "court shall enter an order of dismissal not later than 7 days after such request." 11 U.S.C. § 521(i)(2).[5] An exception to the 45-day timeline is offered in the following subsection, which allows that "upon request of the debtor made within 45 days after the date of the filing of the petition . . . the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing." 11 U.S.C. § 521(i)(3).

Ball did not file the required payment advices within 45 days of the Petition date. Ball

---

[5] Consistent with this statutory language, the Trustee in this case sought dismissal under the Consolidated Standing Order for Chapter 13 Case Administration for Austin Division (the "Standing Order"). The Standing Order allows the Trustee simply to submit an order of dismissal in the event the Trustee determines that one of seven specific events has occurred. Standing Order ¶ 16. One of the enumerated events is a failure to submit payment advices timely. *Id.* ¶ 16(g).

Ball suggests that the procedure outlined in the Standing Order and followed by the Trustee is inconsistent with Bankruptcy Local Rule 1017, which provides: "The Court will enter an order dismissing a case voluntarily filed by an individual debtor under Chapter 7 or 13 under § 521(i)(1) only upon *motion* of a creditor or party in interest. If no *motion* is filed, the case will be deemed not to have been dismissed." L. Rule 1017(d) (emphasis added).

This argument does not avail Ball. Although the Trustee did not file a motion, she did make a "request," as specifically authorized by § 521(i)(2) as well as by the Standing Order. There is no dispute that the payment advices were not submitted timely. In light of that reality, once a "request" for dismissal was made, the result under § 521(i) was certain—regardless of the exact procedure by which it was brought to pass. The Court lacks the authority to change that result.

More generally, as a court in this district has suggested, the purpose of this local rule is to alleviate the uncertainty created by the concept of an "automatic" dismissal. *In re Lopez*, No. 09-31511-C, 2009 Bankr. LEXIS 3029, at *7-8 (Bankr. W.D. Tex. Sept. 17, 2009). As the Trustee noted in her argument, having an order on the docket facilitates her ability to get a release from her bond and gives her a filing in the case to rely on, in disbursing funds and discharging her duties. The Court declines to read the local rule instead as providing an extra-statutory, after the fact, and purely technical "out" for a dilatory debtor.

4

made no request "within 45 days after the date of the filing of the petition" for an extension of time within which to file the payment advices. 11 U.S.C. § 521(i)(3). Nor did the Court "order[ ] otherwise," so as to relieve Ball from her duty to file the payment advices. 11 U.S.C. § 521(a)(1)(B). Despite this, Ball requests that the Court reinstate her case and recognize her late-filed payment advices. (Her Motions also discuss the late-filed tax returns as well as other issues, but for reasons discussed below, the Court need not and does not rest its ruling on anything aside from the payment advices.)

Ball advances three basic arguments in favor of her requested relief.

First, Ball points to the Trustee's admitted mistake concerning the scheduling of the Section 341 Meeting. At the time this mistake was made—but, she assures the Court, no longer—it was the practice of Ball's attorney to "calendar" her submission of the § 521(a) documents to the Trustee based on the receipt of notice of the Section 341 Meeting. Because the Trustee delayed in noticing the Section 341 Meeting, Ball's counsel delayed in "calendaring" submission of the documents until after the § 521(i) deadline had passed. Ball suggests that for this reason, the Trustee bears some responsibility for Ball's failure to submit the documents on time, and Ball should not have to bear the burden of a dismissal caused in part by the Trustee's error.

Second, Ball's counsel, having taken full responsibility for the delay in submitting the payment advices, asserts that it is unfair for her client to bear the burden of her failure as counsel.

Third, Ball appeals to a policy rationale for the § 521(a) requirements, namely the expedient advancement of the case for the benefit of the creditors of her estate. Ball claims that her failure caused no detriment to the creditors, of which she says there are only two, and that in fact the best interests of efficiency and justice will be served by reinstating her case and allowing

5

it to continue. She argues that any delay to the advancement of this case was caused by the Trustee's failure to schedule a timely and lawfully noticed Section 341 Meeting.

Ball's arguments are hardly airtight. The Trustee's problems in scheduling the Section 341 Meeting are of no obvious legal or factual relevance to the debtor's obligations under § 521(a); clients regularly suffer for the ineptitude (or benefit from the brilliance) of their legal representatives; and it is not hard to see that the filing of required documents eighteen days after the deadline provided for by statute, and only upon the prompting of a busy trustee, thwarted the expedient advancement of this case. Further, there is more to consider than this case. Chapter 13 is a relatively inexpensive way for an individual debtor to obtain significant financial relief, including relief from foreclosure, the ability to strip down certain secured claims, and the ability to retain non-exempt assets while paying unsecured creditors a fraction of what they are owed. However, as a remedy, Chapter 13 will only remain inexpensive if the system can continue to process, on a district by district basis, thousands of cases a year. The system can do that only if information is filed or turned over to trustees on a timely basis. In light of all of these considerations, the Court is not inclined to lightly disregard filing deadlines.

But even assuming the Court were to find one or more of Ball's arguments convincing as to why it *should* grant the relief requested in the Motions, it would face the significant hurdle of whether it *could* do so. As numerous courts, including courts in this circuit, have found, once the § 521(i) deadline has passed, the statutory language mandating that the "case shall be automatically dismissed," leaves little discretion with the courts. *See, e.g.*, *In re Hall*, 368 B.R. 595, 599 (Bankr. W.D. Tex. 2007) (finding no discretion in statute for court to refuse to dismiss case when the § 521(i)(1) deadline has passed); *In re Richardson*, No. 07-42881, 2008 WL

6

270263, at *2-3 (Bankr. E.D. Tex. Jan. 30, 2008) (finding no discretion to refuse to dismiss); *In re Young*, No. 06-80397, 2006 WL 3524482, at *4 (Bankr. S.D. Tex. Dec. 6, 2006) (same).[6]

It is true, as Ball notes, that some courts have managed to find a way around this seemingly absolute language, when faced with situations where they judged that the dismissal would amount to an abuse of the bankruptcy process—for instance, when dismissal is sought, opportunistically, by the debtor. *See Segarra-Miranda v. Acosta-Rivera (In re Acosta-Rivera)*, 557 F.3d 8, 14 (1st Cir. 2009) (reading statute to allow bankruptcy court to waive the § 521(a) filing requirements even after the deadline has passed "[w]here . . . there is no continuing need for the information or a waiver is needed to prevent automatic dismissal from furthering a debtor's abusive conduct"); *Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1117 (9th Cir. 2009) (same); *Simon v. Amir (In re Amir)*, 436 B.R. 1, 25 (B.A.P. 6th Cir. 2010) (same); *In re Bliek*, 456 B.R. 241, 244 (Bankr. D.S.C. 2011) (same); *see also In re Fileccia*, No. 06-05111, 2007 Bankr. LEXIS 1924, at *11 (Bankr. M.D. Tenn. June 6, 2007) (reading the statutory language to deny the court discretion, but declining to follow the statute nonetheless, because that course of action would "allow dishonest debtors to abuse the court system").

As Ball admits, none of those cases is on all fours with hers. Hers is not a case in which

---

[6] There is some ambiguity—and disagreement within this district—concerning whether dismissal under § 521(i) is "automatic[ ]" in the sense that it occurs without any action being necessary on the part of the court, or merely in the sense that it is mandatory and without any room for discretion. In other words, is an order required to effectuate the "automatic" dismissal? Courts appear divided on this question. *See In re Spencer*, 388 B.R. 418, 420-33 (Bankr. D.D.C. 2008) (providing extensive discussion of textual and policy reasons that dismissal should be considered effective as of the date of the order of dismissal, and not as of the 46th day in the absence of an order); *In re Lopez*, 2009 Bankr. LEXIS 3029, at *2-8 (noting that both readings are sustainable on the plain text of the Code but choosing to follow the *Spencer* court's interpretation); *In re Hall*, 368 B.R. at 598-600 (suggesting dismissal occurs on 46th day with or without a court order).

As this issue is not before the Court today, the Court expresses no opinion on precisely when the dismissal was effective—merely that it is effective, and that this Court lacks the power to change that.

the proverbial "bad faith" debtor is exploiting § 521(i) opportunistically to have a case dismissed. The courts that have found exceptions to § 521(i) have done so because the policy behind the relevant Code amendment—namely the curtailing of abuse of the bankruptcy process by dilatory debtors—is best served by providing exceptions under circumstances where to follow the plain text is to subvert the policy. *Acosta-Rivera*, 557 F.3d at 12-13. Here, by contrast, to follow the plain text is to serve the policy—stiff though its results may be for Ball.[7]

Ball responds that if courts can bend the § 521(i) rules when a "bad debtor" is involved, they should bend them for her—a "good debtor," whose only fault is her lawyer's mistake. But her status as an "innocent debtor" does not set her apart from other examples of summary dismissal in the case law. In fact, in this district, Judge Gargotta recently faced a similar case, in which a debtor, whose primary fault appears to have been trusting herself to an incapable "petition preparer," found her case summarily dismissed. *In re Baugh*, No. 12-10461-CAG, 2012 Bankr. LEXIS 2084, at *5 (Bankr. W.D. Tex. May 3, 2012). Judge Gargotta was willing to consider sanctions against the preparer—but there is no sign he considered reinstatement of the case.

More fundamentally, the strained reading of § 521 presented in the *Acosta-Rivera* line of cases does not appear to have been followed by any court in this circuit. To the contrary, several courts have rejected proposed interpretations of § 521 that would allow judicial discretion to refuse dismissal where the deadline has passed. *See In re Hall*, 368 B.R. at 600-01 (upholding dismissal under § 521 as non-discretionary, even when Trustee opposed it on "bad faith debtor" grounds); *In re Richardson*, 2008 WL 270263, at *2 (stating that the statute provides no

---

[7] In fact, the dismissal was not "with prejudice," so Ball can file another case. 11 U.S.C. § 349(a). If she does, the only real penalties are the heightened restrictions on the automatic stay. *See* 11 U.S.C. § 362(c)(3); *Richardson*, 2008 WL 270263, at *2.

exception even for a "bad faith" debtor). For all of these reasons, this Court declines Ball's invitation to extend the *Acosta-Rivera* line of cases to provide for the reinstatement of her case.

### B. Other Grounds for Dismissal

In the certification pursuant to which Ball's case was dismissed, and more elaborately in the responses filed in opposition to the Motions, the Trustee has raised other grounds supporting dismissal, including Ball's failure to file tax returns timely pursuant to § 521(e)(2)(A)(i) of the Code. In light of the Court's ruling, discussed in the previous section, concerning the late-filed payment advices, the Court need not consider any of the additional grounds for dismissal. That said, should Ball file another petition for relief, she is admonished to take care that her filings comply with all relevant rules, including those that have been identified by the Trustee.

### C. Attorneys' Fees

According to the Disclosure of Compensation of Attorney for Debtor attached to the Petition, Ball's counsel received $3,500 in fees before the filing of this case. The Trustee has requested that this Court "review" the fees "as excessive or inappropriate in light of the services performed." Trustee's Response in Opposition to Debtor's Motion to Reconsider and Vacate Summary Dismissal of Case [Dkt. No. 21], at 6. Despite the sincere efforts of Ball's counsel to redress her failure to send Ball's payment advices to the Trustee timely, the facts clearly call for such evaluation. The Court is empowered and obligated to perform such a review under § 329 of the Code, Rule 2017 of the Bankruptcy Rules, and Bankruptcy Local Rule 2016(c). Accordingly, Court will issue a show cause order and hold a hearing concerning what compensation (if any) is reasonable and appropriate for Ball's attorney.

### III.  CONCLUSION

This Court DENIES the Motion to Allow Late-Filed Pay Advices and Tax Return and DENIES the Motion to Reconsider and Vacate the Order for Summary Dismissal of Case. Orders will issue to that effect.

In addition, the Court ORDERS counsel for Ball to appear to show cause why her fees were not excessive and inappropriate in light of the services performed and why they should not be ordered to be returned to Ball.